## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STAND TOGETHER AGAINST RACISM AND RADICALISM IN THE SERVICES, INC., 222 East McKinney, Suite 100, Denton, Texas 76201 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| U.S. DEPARTMENT OF DEFENSE, 1400 Defense Pentagon Washington, DC 20301-1400 | ) ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff Stand Together Against Racism and Radicalism in the Services, Inc. ("STARRS" or "Plaintiff") brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and as grounds therefor alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff STARRS is a Texas not-for-profit corporation that seeks to educate Americans on the dangers of racist and radical ideologies infiltrating the U.S. military with the goal of eliminating these divisive influences and maintaining a unified and cohesive fighting

force.   Founded by a group of retired distinguished military officers, STARRS is concerned

about efforts to teach and implement aspects of Critical Race Theory in U.S. military academies

and throughout the U.S. Armed Forces.  STARRS has grown to 2,932 members, including

general officers, service academy graduates, retired and active duty officers and enlisted, and

other concerned civilians.  STARRS seeks to become a dynamic and influential force to promote

balance, unity, and adherence to the U.S. Constitution and to prevent the politicization of the

service academies and the U.S. Department of Defense.  STARRS seeks access to records in the

possession, custody, and control of Defendant.

4.     Defendant U.S. Department of Defense ("Defendant") is an agency of the United

States government headquartered at 1400 Defense Pentagon, Washington, DC 20301-

1400.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     This action seeks relief regarding two FOIA requests.

6.     In the first request, Plaintiff seeks records relating to a July 8, 2020 memorandum

issued by the Superintendent of the United States Air Force Academy ("USAFA") Lieutenant

General Jay B. Silveria which stated, in part, that:

> "[s]ystemic racism exists in our society, and our USAFA community is not
> immune;" "[i]dentity groups, whether based on race, ethnicity, age, gender, sexual
> orientation, religion, or disability have experienced less-than-equal treatment in
> our nation;" and "there is no place . . . for discrimination or racial bias of any kind
> at USAFA . . . ."

The memorandum also stated that:

> USAFA/DS and USAFA/EO will co-chair an institutional assessment and review
> for biases within our policies, processes, practices, curriculum, and artifacts.  The
> objective is to assess and capture racial disparities specific to African Americans
> and other identity groups in processes unique to USAFA. Results and
> recommendations will be provided to me NLT 18 September, and will be used to
> make tangible, lasting changes, and to inform future actions.

- 2 -

7.      On October 12, 2020, Colonel Ronald J. Scott, Jr., USAF, Retired, USAFA Class of 1973 and now an officer of Plaintiff, submitted a FOIA request to the USAFA, a component of Defendant.  The request, which was subsequently assigned to Plaintiff, seeks the following public records:

   1.      The existence, prevalence and nature of, and remedial actions taken regarding, "systemic racism," "discrimination," and "racial bias," respectively and referenced above, at the Air Force Academy during the past five years;

   2.      The existence, prevalence and nature of, and remedial actions taken regarding, "less-than-equal treatment" "based on race or ethnicity," referenced above, at the Air Force Academy during the past five years;

   3.      All data from multiple institutional assessments on which the Superintendent's statement that there is "systemic racism" at the Air Force Academy is based;

   4.      The existence, prevalence and nature of, and remedial actions taken regarding, "racial disparities specific to African Americans and other identity groups in processes unique to USAFA," referenced above;

   5.      The "results and recommendations … provided … NLT 18 September," referenced above;

   6.      The nature and progress of the "tangible, lasting changes" referenced above; and

   7.      The "new institutional assessment chaired by USAFA/DS and USAFA/EO to review for biases in policies, processes, practices, curricula, and artifacts," referenced above.

8.      By an email dated September 29, 2021, the USAFA provided a "status update" regarding Plaintiff's request, indicating that the request had not yet been processed.  The USAFA also indicated that the request had been assigned FOIA Case No. 2021-00100-F.  Plaintiff has received no further response to the request.  On September 22, 2022, Plaintiff received an "update" regarding a request with a different case number (2021-01100-F) which may have been

intended as update on this request.  The update indicated that the request still had not been processed.

       9.     Plaintiff submitted a second request to the USAFA on June 9, 2021.  As explained in the request, the April 13, 2021 minutes of a meeting of group called the Association of Graduates Class Advisory Senate included the following:

> 3. Shayla CantySmith, '04 asked about the status of the minority petition? The Dean answered that they have been reviewing Col (ret) Gail Colvin's Diversity Inclusion study last summer; In Behavior Science 110 they have added some lessons and assignments to get after the concerns; All recognize that they need an atmosphere that promotes dignity and respect.

       10.    Plaintiff subsequently submitted a FOIA request to the USAFA seeking:

1. The referenced "Diversity Inclusion" study, and documents justifying/authorizing the "Diversity Inclusion" study;

2. Documents regarding "the minority petition"; and

3. Documents related to "In Behavior Science 110 they have added some lessons and assignments to get after the concerns."  Please provide any documents that evidence these concerns, evidence whether or not the concerns are valid, and evidence that supports the "need" for "atmosphere that promotes dignity and respect."

       11.    By an email dated September 29, 2021, the USAFA provided a "status update" regarding Plaintiff's request, indicating that the request had not yet been processed.  The USAFA also indicated that the request had been assigned FOIA Case No. 2021-03174-F.  Plaintiff has received no further response to the request.

       12.    As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

13.     Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14.     Defendant is in violation of FOIA.

15.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

16.     Plaintiff has no adequate remedy at law.

17.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's first request by August 17, 2020, at the latest.  Defendant was required to make a final determination on Plaintiff's second request by July 19, 2021.  Because Defendant failed to make final determinations on Plaintiff's requests within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to the requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation

costs reasonably incurred in this action pursuant to  5 U.S.C. § 552(a)(4)(E); and (5) grant

Plaintiff such other relief as the Court deems just and proper.


Dated:  September 23, 2022                              Respectfully submitted,


                                                        /s/  James F. Peterson
                                                        JAMES F. PETERSON
                                                        D.C. Bar No. 450171
                                                        JUDICIAL WATCH, INC.
                                                        425 Third Street SW, Suite 800
                                                        Washington, DC 20024
                                                        Tel:    (202) 646-5175
                                                        Fax:    (202) 646-5199
                                                        Email: jpeterson@judicialwatch.org

                                                        *Attorney for Plaintiff*